IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAEDEKE HOLDINGS VII, LTD., ET AL., | § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | No. 3:15-mc-36-D-BN |
| DAVID MILLS, ET AL., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Gaedeke Holdings VII, Ltd. and Gaedeke Oil and Gas Operating, LLC ("Plaintiffs") have filed a motion under Federal Rules of Civil Procedure 26(c) and 45(d)(3)(A), to quash the deposition subpoena and notice of deposition issued by Defendants Todd Baker, Landon Speed, and Baker Petroleum & Investments, Inc. ("Defendants") to Plaintiffs' Chief Executive Officer ("CEO") Sabine Gaedeke Stener. *See* Dkt. No. 1. United States District Judge Sidney A. Fitzwater has referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 2. Defendants have responded, *see* Dkt. No. 4, and Plaintiffs have filed a reply, *see* Dkt. No. 6.

For the reasons explained below, the Court DENIES Plaintiffs' Motion to Quash Subpoena of Sabine Gaedeke Stener and for Entry of Protective Order [Dkt. No. 1.].[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide

**Background**

As Plaintiffs explain, the underlying litigation is pending in the United States District Court for the Western District of Oklahoma and is, at this point, limited to the determination of damages that Plaintiffs are entitled to recover against Defendants, where the United States District Court Western District of Oklahoma has already entered judgment on liability against Defendants for misappropriation of trade secrets in violation of 78 Okla. Stat. § § 75-84 and violation of the Lanham Act. *See* Dkt. No. 1 at 1.

On April 13, 2015, Defendants issued a deposition subpoena and notice of subpoena to Plaintiffs' CEO, Sabine Gaedeke Stener ("Stener"), seeking a deposition on May 5, 2015. *See* Dkt. No. 1 at 2, 14-15. This Court stayed that deposition pending its resolution of Plaintiffs' Motion to Quash Subpoena of Sabine Gaedeke Stener and for Entry of Protective Order. *See* Dkt. No. 3.

The following facts are undisputed for purposes of this motion: Ms. Stener is the Chief Executive Officer of Gaedeke Oil and Gas Operating, LLC. *See* Dkt. No. 1 at 7. Ms. Stener is the Chief Executive Officer and President of Gaedeke Ventures, Inc. ("GVI"), and GVI is the sole managing general partner of Gaedeke Holdings VII, Ltd. *See id.* Mark H. Reed ("Reed") is the President and Secretary of Gaedeke Oil and Gas

---

issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Operating, LLC and Vice President and Secretary of GVI and runs the oil and gas division and is in charge of the day-to-day operations of both Gaedeke Holdings VII, Ltd. and Gaedeke Oil and Gas Operating, LLC. *See id.* at 7-8.

Plaintiffs also contend, and Ms. Stener testified by declaration, that Mr. Reed is the person at Gaedeke with the most knowledge regarding this lawsuit; Ms. Stener has no unique personal knowledge about the disputed issues in the damage retrial; given her responsibilities and schedule as Plaintiffs' CEO, it would be unduly burdensome to Ms. Stener to provide a deposition; any discoverable testimony sought by Defendants can be obtained from Mr. Reed; and Mr. Reed has been previously deposed by Defendants, and, pursuant to a Notice to Take Rule 30(b)(6) Video Deposition, Mr. Reed agreed to sit for another deposition. *See id.* at 3, 8. Apparently that Federal Rule of Civil Procedure 30(b)(6) deposition has not yet occurred, at least as of the date of Plaintiffs' reply.

Defendants respond by providing more details about the allegations and claims at issue and specifically noting that, "[i]nsofar as damages are concerned, Plaintiffs claim they were forced to sell their 26,000 acres at a depressed price to another buyer because 'the prime buyer' had already used up its budget buying acreage from sellers who used 'the stolen geology.'" Dkt. No. 4 at 6 of 16. Defendants further contend that, on the damages retrial, "Plaintiffs must still prove a causal relationship between the damages they seek and the claimed misappropriation," and "Defendants are certainly entitled to offer proof that the claimed damages, if any, were caused by something other than trade secret misappropriation." *Id.* at 8 of 16. Defendants assert that Ms.

Stener has personal knowledge of facts that show that Plaintiffs' alleged damages are not a result of Defendants' actions. *See id.* "For example, in defending the damages claim, Defendants assert that Plaintiffs fail to account for the numerous other reasons why Plaintiffs' lease acreage sold at a depressed price – those reasons having absolutely nothing to do with Defendants" but, according to Defendants, are based on "Plaintiffs' inexperience in the oil and gas business (including the inexperience of their CEO Ms. Stener) and their ongoing indecision about whether to sell or drill (including the indecision of Ms. Stener)" and certain decisions made by Ms. Stener. *Id.* Additionally, Defendants point to an apparent disagreement between Ms. Stener and Mr. Reed as to whether a certain offer was made and contend that "Defendants should be able to examine Ms. Stener about her reasons for questioning the existence of the offer, which appeared to be a motivating factor in Plaintiffs' decision to drill rather than sell their acreage." *Id.* at 8-9 of 16 (footnote omitted).

**Legal Standards**

Federal Rule of Civil Procedure 45(d)(3)(iv) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: ... (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(iv). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

The party resisting discovery must show specifically how requested discovery is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And, on a motion asserting undue

burden, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa*, 392 F.3d at 818 (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) (internal quotation marks omitted). The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

"When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams*, 178 F.R.D. at 110. Generally speaking, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Thus, "'[u]nder the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged,'" and "[d]iscovery requests are relevant when they seek admissible evidence or evidence that is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Wiwa*, 392 F.3d at 820 (quoting *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th

Cir. 1990)). "Whether [a requesting party's] discovery requests [to a non-party served with a subpoena] are relevant thus turns on whether they are 'reasonably calculated' to lead to evidence admissible as to [its] claims" or defenses against its opponent in the underlying case. *Id.*

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

Although this Court is not subject to Texas state court decisions applying the so-called Apex Doctrine, federal courts permit the depositions of high-level executives, sometimes referred to as apex executives, when conduct and knowledge at the highest levels of the corporation are relevant to the case. *See, e.g., Simms v. Nat'l Football League,* No. 3:11-cv-248-M-BK, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013); *KimberlyClark Corp. v. Cont'l Cas. Co.,* No. 3:05-cv-475-D, 2006 WL 3436064, at *2 (N.D. Tex. Nov. 29, 2006). But the United States Court of Appeals for the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking such as

deposition, by way of deposing lesser-ranking employees. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979).

## Analysis

Defendants have shown that the testimony they seek from Ms. Stener involves relevant information for the damages retrial. They have also shown that Ms. Stener has personal knowledge of facts relevant to the issue of damages. And they have shown that Ms. Stener had personal involvement in conduct that is relevant to the issue of damages.

Even assuming Ms. Stener qualifies as the kind of high-level, "apex" executive to which any special rules might apply, the Court concludes that Plaintiffs have failed to show good cause for a Rule 26(c) protective order or Rule 45(d) quashal order. Plaintiffs offer no evidence of undue burden other than Ms. Stener's position and busy schedule. *See* Dkt. No. 1 at 8. And Ms. Stener's personal involvement in and knowledge of relevant conduct and facts entitles Defendants to depose her personally. *See Simms*, 2013 WL 9792709, at *3; *KimberlyClark*, 2006 WL 3436064, at *2-*4.

Plaintiffs nevertheless argue that Defendants fail to identify any discoverable information that can only be obtained from Ms. Stener and that Plaintiffs are entitled to a protective order preventing Ms. Stener's deposition unless Defendants show, after Mr. Reed's deposition, that they cannot obtain discoverable information through less intrusive means, a showing that Plaintiffs contend that Defendants have not made. *See* Dkt. No. 6 at 1-2, 4.

The Court does not agree in this instance. The Rule 30(b)(6) deposition of Mr. Reed will not permit Defendants to explore with Ms. Stener, under oath, her reasons for, for example, questioning the existence of the offer that Mr. Reed apparently understood to exist. *See, e.g., KimberlyClark*, 2006 WL 3436064, at *3 ("Differences between his testimony and that of other witnesses could enable Continental to challenge their credibility at trial."). The Court finds that a Rule 30(b)(6) deposition or a deposition of lower-ranking personnel cannot reasonably substitute for questioning of Ms. Stener personally under these circumstances. The Court therefore find no need or good basis for requiring Defendants to wait to seek Ms. Stener's deposition until after Mr. Reed's deposition where Defendants have already shown that the unique testimony that they seek through Ms. Stener cannot be obtained by any less burdensome or intrusive means of deposing lesser-ranking or other employees or officers, including Mr. Reed. *See Salter*, 593 F.2d at 651-52; *Gauthier v. Union Pac. R. Co.*, No. 1:07-CV-12 (TH/KFG), 2008 WL 2467016, at *3-*4 (E.D. Tex. June 18, 2008).

## Conclusion

The Court DENIES Plaintiffs' Motion to Quash Subpoena of Sabine Gaedeke Stener and for Entry of Protective Order [Dkt. No. 1.]

SO ORDERED.

DATED: June 5, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE